**WO** SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Raymond Navarro,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 12-1899-PHX-GMS (LOA)<br><br>**ORDER** |

Petitioner Robert Raymond Navarro, who is confined in the Arizona State Prison Complex-Lewis, in Buckeye, Arizona, has filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.   Petition**

Petitioner was convicted by a jury in Maricopa County Superior Court, case #CR2006-151062, of aggravated assault and was sentenced to life without the possibility of parole for 25 years. In his Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises one ground for relief. He alleges that he received the ineffective assistance of trial counsel. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**II.   Warnings**

    **A.   Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule

**TERMPSREF**

1  83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other
2  relief with a notice of change of address. Failure to comply may result in dismissal of this
3  action.

4  **B.  Copies**

5  Petitioner must serve Respondents, or counsel if an appearance has been entered, a
6  copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a
7  certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner
8  must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to
9  comply may result in the filing being stricken without further notice to Petitioner.

10  **C.  Possible Dismissal**

11  If Petitioner fails to timely comply with every provision of this Order, including these
12  warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
13  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
14  comply with any order of the Court).

15  **IT IS ORDERED:**

16  (1)  The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order
17  on the Respondent and the Attorney General of the State of Arizona by certified mail
18  pursuant to Rule 4, Rules Governing Section 2254 Cases.

19  (2)  Respondents must answer the Petition within 40 days of the date of service.
20  Respondents must not file a dispositive motion in place of an answer but may file an answer
21  limited to relevant affirmative defenses, including but not limited to, statute of limitations,
22  procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only
23  those portions of the record relevant to those defenses need be attached to the answer.
24  Failure to set forth an affirmative defense in an answer may be treated as a waiver of the
25  defense. Day v. McDonough, 547 U.S. 198, 209-11 (2006). If not limited to affirmative
26  defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules
27  Governing Section 2254 Cases.

28  (3)  Petitioner may file a reply within 30 days from the date of service of the

1  answer.

2  (4) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to
3  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a
4  report and recommendation.

5  DATED this 16th day of October, 2012.

*A. Murray Snow*
/G. Murray Snow
United States District Judge

TERMPSREF

- 3 -