IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Raymond Navarro,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et. al.,<br><br>                Respondents. | No. CV-12-1899-PHX-GMS (LOA)<br><br>**ORDER** |

Pending before the Court are Petitioner's Petition for Writ of Habeas Corpus, Respondent's Motion to Stay, and United States Magistrate Judge Lawrence O Anderson's Report and Recommendation ("R&R"). (Docs. 1, 9, 17.) The R&R recommends that the Petition be stayed and held in abeyance. (Doc. 17 at 7.)

Petitioner made three minor objections to statements contained in the R&R, but did not object to Judge Anderson's recommendation to grant Respondents' Motion to Stay. Respondents did not file a response to those objections. The first objection is that the R&R inaccurately described Petitioner's sentence as "life imprisonment without the possibility of parole for 25 years." (Doc. 17 at 2.) The sentence is actually "life imprisonment without the possibility of release for 25 years." (Doc. 18, Ex. 1.) The Court hereby so revises that statement in the R&R.

The second objection relates to Judge Anderson's handling of Petitioner's amended petition. Petitioner claims Judge Anderson improperly found his amended petition improper under Rule 15 of the Federal Rules of Civil Procedure. Nevertheless, leave was granted to Petitioner to file his amended petition. Any error was harmless.

The third objection is a "request for clarification." The R&R states "Because the parties agree the action should not be dismissed it is not necessary to provide Petitioner with leave to amend" to add his unexhausted actual innocence claim. Petitioner requests clarification that this remark means that amendment is unnecessary at this time. The Court so construes that remark.

As Judge Anderson noted, this Order expresses no opinion on whether Petitioner's unexhausted actual innocence claim is timely, procedurally defaulted, or subject to any exceptions. The record lacks sufficient clarity to make that determination. Later developments may change this decision. *See King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009) (noting that a district court may decline to stay and hold in abeyance where it is clear the unexhausted claim would be untimely). Nor does this Order express any opinion on the issues surrounding Petitioner's exhausted ineffective assistance of counsel claim.

**IT IS THEREFORE ORDERED:**

1. Magistrate Judge Anderson's R&R (Doc. 17) is **accepted** with the minor modifications described above.

2. Respondent's Motion to Stay (Doc. 9) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is hereby **stayed and held in abeyance**.

3. Petitioner shall file a detailed status report on his post-conviction proceeding currently pending in state court no later than thirty (30) days after the date of this Order.

4. Petitioner shall thereafter file an updated status report every ninety (90) days. Failure to comply with these instructions may result in the Court vacating the stay and dismissing this habeas action for failure to comply with Court orders. Fed. R. Civ. P. 41(b).

/

/

5. This Order is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.

Dated this 12th day of April, 2013.

*A. Murray Snow*
/G. Murray Snow
United States District Judge