WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Raymond Navarro, | No. CV-12-01899-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, | |
| Respondent. | |

Pending before the Court are Petitioner Robert Raymond Navarro's Amended Petition for Writ of Habeas Corpus (Doc. 7) and United States Magistrate Judge James F. Metcalf's Report and Recommendation ("R&R"), which recommends that the motion be denied. (Doc. 72.) Petitioner Navarro filed timely objections to the R&R. (Doc. 78.) *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72; *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).

Petitioner's first objection to the R&R is that it applies the wrong standard for determining whether Petitioner's claim should be dismissed. The R&R recommends that, to avoid the complicated considerations of cause and prejudice for default pursuant to *Martinez v. Ryan,* 132 S. Ct. 1309 (2012), the petition be dismissed pursuant to 28 U.S.C. § 2254(b)(2), which is a merits dismissal. (Doc. 72 at 21–22.) A dismissal on the merits under § 2254(b)(2) is proper only in those cases in which the petition is, "on [its] face and without regard to any facts that could be developed below, clearly not meritorious." *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002). Therefore, while "the

procedural-bar issue . . . ordinarily should be" resolved before addressing the merits, there is no sense in resolving the complicated question of procedural default "if the ultimate dismissal of the petition is a foregone conclusion." *Id.* at 1232 (quoting *Lambrix v. Singletary,* 520 U.S. 518, 525 (1997)). The Ninth Circuit has since clarified that "a federal court may deny an unexhausted petition on the merits only when it is *perfectly clear* that the applicant does not raise even a *colorable* federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623–2 (9th Cir. 2005) (emphasis added).

As the above cases demonstrate, the focus of the inquiry into the merits is on the allegations of the petition. "To allege a colorable claim, [a petitioner] must allege facts that, if true, would entitle him to relief." *West v. Ryan,* 608 F.3d 477, 485 (9th Cir. 2010) (citing *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007)). Sometimes of course, a petition can allege facts that require the expansion of the record. "'In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations' and whether those allegations, if true, would entitle him to relief." *Id.* (quoting *Landrigan*, 550 U.S. at 474).

The R&R apparently deems this last step unnecessary in light of Magistrate Judge Metcalf's previous determination that even if the factual record could be supplemented to consider whether there was cause and prejudice sufficient to cure a procedural default pursuant to *Martinez*, the AEDPA, specifically 28 U.S.C. § 2254(e)(2), would prohibit the consideration of such evidence for purposes of determining whether there were grounds for relief under the petition. Thus, rather than reviewing the allegations of the Petition to determine whether they are colorable, the R&R recommends a determination on the merits that focuses on the evidence in the currently existing state court record. (Doc. 72 at 23.) This method necessarily requires the Petitioner to meet his burden of proof on his claims at this stage based on that record. (*Id.*) ("Finally it is important to note that because the undersigned has proceeded to the actual merits . . . the undersigned does not apply the lower "some merit" standard applicable under *Martinez. Instead, Petitioner must meet his burdens of proof of establishing his claims.")* (emphasis added).

1    While the Court is grateful for the explanation in Magistrate Judge Metcalf's R&R
2    and his previous orders, this Court's reading of those precedents is not in line with
3    Magistrate Judge Metcalf's. As the R&R acknowledges, the Ninth Circuit has rejected
4    without equivocation the proposition that *Pinholster* or § 2254(e)(2) prevent a court in
5    appropriate circumstances from considering new evidence to determine whether there is
6    cause and prejudice sufficient to excuse a state court default. *Dickens v. Ryan,* 740 F.3d
7    1302, 1321 (9th Cir. 2014) (holding that in appropriate circumstances a PCR petitioner
8    claiming ineffective assistance may present evidence to demonstrate cause, prejudice and
9    substantial prejudice); *See also Woods v. Sinclair*, 764 F.3d 1109, 1138 n.16 (9th Cir.
10   2014) ("We leave for the district court to resolve whether an evidentiary hearing should
11   be held in connection with Woods's *Martinez* claims. To the extent that the State argues
12   that *Pinholster* and § 2254(e)(2) categorically bar Woods from obtaining such a hearing
13   or from presenting extra-record evidence to establish cause and prejudice for the
14   procedural default, we reject this argument.")

15   In addition to noting the right to present such evidence in a cause hearing,
16   however, *Dickens* further noted that "if [petitioner] can show cause and prejudice to
17   excuse a procedural default, AEDPA no longer applies and a federal court may hear this
18   new claim de novo." *Dickens,* 740 F.3d at 1321 (citing *Pirtle v. Morgan,* 313 F.3d 1160,
19   1167 (9th Cir. 2002) (holding that "when it is clear that a state court has not reached the
20   merits of a properly raised issue, we must review it de novo")). In light of this holding, if
21   Petitioner Navarro were to introduce new evidence that successfully established cause
22   and prejudice, he would also necessarily establish the inapplicability of AEDPA as well
23   as this Court's affirmative obligation to review the claim de novo. In such a
24   circumstance the AEDPA would not apply, and therefore § 2254(e)(2) would not bar the
25   Court from hearing new evidence developed in a cause and prejudice hearing that might
26   provide grounds for relief in its new habeas claims.

27   In his previous ruling, Magistrate Judge Metcalf discusses Judge Callahan's
28   dissent in *Dickens'* as well as several other cases to justify his determination that § 2254

- 3 -

would bar federal courts from considering whether evidence developed in a cause hearing would establish grounds for relief under AEDPA. (Doc. 69 at 10–12.) In this respect, Judge Callahan's dissent suggests that petitioners should be required to file an unsuccessful successive state court PCR petition before they can qualify for a *Martinez* cause hearing. *Dickens*, 740 F.3d at 1327 (Callahan, C.J. dissenting in part). Judge Callahan's dissent does not challenge *Dickens'* conclusion that if cause and prejudice is established, the federal courts must review habeas claims for which default is excused de novo. *Id.* As thought-provoking as Judge Callahan's argument is that Petitioners should be obliged to file an unsuccessful successive petition in state court alleging ineffective assistance before qualifying for a *Martinez* hearing, her dissent is still a dissent. *Dickens* is the law of the Ninth Circuit, and *Dickens* establishes that if cause and prejudice are satisfied, the restrictions of AEDPA no longer apply.

As a result, this Court concludes that Petitioner Navarro is not absolutely precluded from developing evidence in a cause hearing that also may be used as grounds for relief if cause and prejudice are sufficiently established. The R&R does determine that none of Mr. Navarro's claims are colorable, but only does so after having determined that, in this context, no evidence could be used as a basis for relief on the underlying trial ineffectiveness claim. For the reasons explained above, the Court does not accept that conclusion as a matter of law. Further, accepting the R&R as it now stands would prevent a judge from evaluating whether there are sufficient allegations in the petition to state a claim and whether the supplementation of the evidentiary record "could enable an applicant to prove the petition's factual allegations' and whether those allegations, if true, would entitle him to relief." *West*, 608 F.3d at 485 (internal quotations omitted).

Nevertheless, the R&R does, at considerable length, analyze each of the Petitioner's claims and finds each of them meritless based on the existing state court record. While the Court does not accept the presumptions and standard applied in making this determination, and thus does not accept any of the conclusions arrived at by the R&R in this regard, the Court does not suppose that the matters stated by the R&R in

its review are necessarily irrelevant to the question of whether Mr. Navarro's petition states colorable claims, and whether additional specified discovery might help him establish those claims.  It is possible that even applying the appropriate standard, the Magistrate Judge might still find that some or all of the claims in the petition are not colorable.  This matter is remanded to Magistrate Judge Metcalf to make that determination.

Of course, should Magistrate Judge Metcalf determine that some or all of the claims are colorable, he will need to determine, pursuant to *Martinez,* whether Petitioner Navarro can establish cause and prejudice to excuse his default.  In doing so, Magistrate Judge Metcalf will need to consider whether it is appropriate to allow the supplementation of the factual record.  *Martinez* itself refutes the notion that just because a *Martinez* motion is brought, record supplementation is required:

> The holding here ought not to put a significant strain on state resources. When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e.,* it does not have any merit or that it is wholly without factual support or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.

*Martinez*, 132 St. Ct. at 1319.

Should Magistrate Judge Metcalf determine that some record supplementation is appropriate, that is far from giving Petitioner license to go fishing.  As Rules 6 through 8 of the Rules Governing Section 2254 make clear, a judge is intimately involved in determining any additional discovery which may be granted.  *See* Rules Governing Section § 2254, R. 6–8. Such discovery may be granted only on good cause and may be appropriately limited and regulated by the Judge.  *Id.* at R. 6.  Further, it is the Judge who directs the supplementation of the record and in what respect. *Id.* at R. 7(a).  It is also the Judge that determines whether a hearing is ultimately necessary.  *Id.* at R. 8(a).  Thus presumably, the Petitioner will have to identify with some specificity the evidence with

which he seeks to supplement the record, and demonstrate how that might serve to establish Petitioner's claims before such requests are granted.

The Court therefore remands to Magistrate Judge Metcalf for an individualized claim determination of the extent, if any, to which Navarro's Petition states a claim. If Navarro does in fact state a claim, then the Magistrate Judge should also determine the extent, if any, to which Plaintiff should be allowed to seek to supplement the record, and if such supplementation is allowed, if Petitioner establishes cause and prejudice on any of his claims and if, ultimately, he establishes any grounds on which Magistrate Judge Metcalf would recommend that he receive relief.

**IT IS HEREBY ORDERED** declining the R&R (Doc. 72) and this matter is remanded back to Magistrate Judge Metcalf for a determination as set forth above.

Dated this 22nd day of November, 2016.

*[signature]*

Honorable G. Murray Snow
United States District Judge